IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THE CENTER FOR GESTALT DEVELOPMENT, INC.**, <br><br> *Plaintiff*, <br><br> v. <br><br> **CHARLES BOWMAN, et al.**, <br><br> *Defendants*. | Case No. 2:22-cv-02058-JDW |

### MEMORANDUM

As Dr. Marvin Monroe has observed, there's "nothing necessarily wrong with hostile conflict."[1] Indeed, if combatants (or litigants) "weren't all crazy [they] would go insane."[2] But that doesn't mean that the fight can happen wherever the combatants want. There are rules, and those rules prevent The Center For Gestalt Development from pursuing its claims against Charles Bowman in this Court because Mr. Bowman is not subject to personal jurisdiction in Pennsylvania. The Center will have to change its attitude or change its latitude because the Court will grant Mr. Bowman's motion to dismiss the Center's claims against him.

---

[1] *The Simpsons: There's No Disgrace Like Home* (Fox TV Broadcast, Jan. 28, 1990).
[2] Jimmy Buffet, *Changes In Latitude, Changes in Attitudes*, on *Changes in Latitudes, Changes in Attitudes* (ABC 1977).

## I. BACKGROUND

### A. Factual Background

Since 1977, the Center for Gestalt Development, Inc. (the "Center"), a non-profit corporation based in Gouldsboro, Maine, has published and distributed books, journals, and multimedia recordings relating to Gestalt therapy, a type of psychotherapy. The Center owns the copyright of an unfinished manuscript (the "Manuscript") by Frederick Perls, a founder of Gestalt therapy. The Gestalt Therapy Archive at the University of California, Santa Barbara, houses the Manuscript.

Charles Bowman is a psychotherapist and counselor who utilizes Gestalt therapy. He lives in Arcadia, Indiana, and runs Bowman Counseling & Consulting Services, Inc. in Indianapolis, Indiana. He has never met with any patients or clients in Pennsylvania, and he contends that he has never travelled to this District to deliver presentations or training related to Gestalt therapy or to promote his therapy practice. However, the Center alleges that Mr. Bowman has "repeatedly traveled" into Pennsylvania for those very reasons. (ECF No. 1 at ¶ 20). For instance, Mr. Bowman's curriculum vitae indicates that he gave at least two presentations in Philadelphia, Pennsylvania: 1) a workshop for the American Society for Group Psychotherapy & Psychodrama Annual Conference in April 1999, and 2) a workshop for the Association for the Advancement of Gestalt Therapy's ("AAGT") tenth biennial conference for Gestalt therapy in June 2009. (ECF No. 15-5 at p. 4, 5 of 7.)

At some point, Mr. Bowman visited the Gestalt Therapy Archive and studied the materials in its collection. Then, in 2014, while attending a Gestalt therapy conference in California, Mr. Bowman obtained a copy of the Manuscript. The Center did not authorize anyone to give the Manuscript to Mr. Bowman. Since obtaining the Manuscript, Mr. Bowman, and another Gestalt therapist, Jean-Marie Robine, collaborated with the Institut Français de Gestalt-thérapie ("L'Exprimerie"), in St. Romain La Virvee, France, to publish a book entitled *Psychopathology of Awareness: An unfinished and unpublished manuscript with commentaries by contemporary gestalt-therapists* (the "Book"). Messrs. Bowman and Robine are co-editors of the Book, which contains the full text of the Manuscript, a foreword by Messrs. Bowman and Robine, and various comments from Gestalt therapists, including Messrs. Bowman and Robine. In addition, four of the other contributing authors——Robert Resnick, Jack Aylward, Peter Cole, and Nancy Amendt-Lyon——sit on the editorial advisory board of the *Gestalt Review*, an academic journal. The Pennsylvania State University Press publishes the *Gestalt Review* twice a year and has printed various articles that Mr. Bowman authored. The Center contends that Mr. Bowman solicited these four authors to contribute essays to the Book.

Mr. Bowman is also a member, and past president, of the AAGT. On November 10, 2019, Messrs. Bowman and Robine sent an email to the AAGT's members. In that email, they advised that they were "pleased to announce" the release of the Book and characterized themselves as the Book's "creators and editors." (ECF No. 1-5 at p.2 of 4.)

3

The email advised recipients that the Book would be available for online purchase on L'Exprimerie's website: www.exprimerie.fr. The email also contained an advertising flyer and encouraged AAGT's members to share the advertisement with "anyone who might be interested." (*Id.* at p.3 of 4.) As of May 17, 2022, the AAGT had about 12 members who are based in Pennsylvania.

According to the Center, between 2020 and 2022, multiple residents of Pennsylvania purchased the Book on L'Exprimerie's website and had the Book shipped to them in Pennsylvania. The Center alleges that "L'Exprimerie … regularly solicits and accepts orders for its publications placed within this district by residents of this district and fills those orders by receiving money from residents in this district in exchange for shipping its publications into this district." (ECF No. 1 at ¶ 20.) Mr. Bowman declares that he has never filled orders for the Book for anyone, including anyone in Pennsylvania, and he has never received money for sending the Book to anyone in Pennsylvania, but the Court has not considered his Declaration in resolving this Motion.

### B. Procedural Background

On May 26, 2021, the Center filed the first copyright infringement action against Messrs. Bowman and Robine and L'Exprimerie. Four months later, the Center filed a notice of voluntary dismissal without prejudice.

Then, on May 25, 2022, the Center filed a second suit against the same three defendants, alleging copyright infringement based on their alleged publishing,

promotion, selling, distribution, and profiting from the Book. Mr. Bowman filed a motion to dismiss the Complaint based upon a lack of personal jurisdiction and improper venue. The motion is ripe for disposition.

## II.     LEGAL STANDARD

### A.     12(b)(2)

A district court may dismiss a complaint for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). Once a defendant raises a jurisdictional defense, the burden shifts to the plaintiff to establish, through "affidavits or other competent evidence," that the district court has personal jurisdiction over the defendant. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (quotation omitted). If the district court declines to hold an evidentiary hearing, then the plaintiff "need only establish a prima facie case of personal jurisdiction." *Id.* (same). In determining whether the plaintiff has made the requisite showing, the Court must "accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff." *Id.* (same).

### B.     12(b)(3)

A district court may dismiss a complaint due to improper venue. *See* Fed. R. Civ. P. 12(b)(3). In copyright infringement matters, venue is "not determined by the general provision governing suits in the federal district courts." *Lumiere v. Mae Edna Wilder, Inc.*, 261 U.S. 174, 176 (1923). Instead, the Copyright Act of 1976 contains a venue provision that governs. *See id.*; 28 U.S.C. § 1400(a).

## III.   DISCUSSION

### A.   Jurisdiction

#### 1.   Merits of jurisdictional arguments

Personal jurisdiction may be general or specific. *See Aldossari on Behalf of Aldossari v. Ripp*, No. 21-cv-2080, --- F.4th ----, 2022 WL 4138732, at *14 (3d Cir. Sept. 13, 2022) (citation omitted). "[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose [general] jurisdiction there." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Thus, in the case of an individual defendant like Mr. Bowman, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]" *Id.* (quotation omitted). The Court does not have general jurisdiction over Mr. Bowman because he is domiciled in Indiana, not Pennsylvania. The Center does not suggest otherwise.

Unlike general jurisdiction, specific jurisdiction is "case-specific[.]" *Aldossari*, 2022 WL 4138732 at *14 (quotation omitted). That means that the Center's claims must "arise out of or relate to the defendant's contacts with the forum[.]" *Id.* (same). Said another way, in order for the Court to exercise specific jurisdiction over Mr. Bowman, his "**suit-related conduct** must create a substantial connection with the forum State[.]" *Id.* (same) (emphasis added). To demonstrate that specific jurisdiction exists, a plaintiff must show the defendant's purposeful availment "of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws[.]" *Shuker v. Smith &*

6

*Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018) (quotation omitted). To make this showing, the plaintiff must establish "a deliberate targeting of the forum[.]" *Id.* (same). The various contacts the Center relies on are insufficient to make that showing.

Mr. Bowman is not subject to specific jurisdiction in Pennsylvania. None of the actions that he took that give rise to this suit targeted Pennsylvania or otherwise suggest that Mr. Bowman availed himself of the privilege of conducting activities here. None of the contacts to which the Center points changes that conclusion.

*First*, Mr. Bowman's travel to Pennsylvania to present speeches or attend conferences does not create specific jurisdiction because it is not suit-related conduct. That is, none of the Center's claims in this case arise from Mr. Bowman's attendance or presentations at conferences in Pennsylvania.

*Second*, the fact that Mr. Bowman solicited contributions to the Book from people who served on the board of *Gestalt Review* does not subject Mr. Bowman to personal jurisdiction. Mr. Bowman did not solicit any of those contributions in Pennsylvania, and the mere fact that he knew them through service on the board of an organization that happens to be in Pennsylvania does not create a jurisdictional nexus.

*Third*, Mr. Bowman's email to AAGT's members does not constitute purposeful availment of the privilege of doing business in Pennsylvania. The Third Circuit has made clear that a defendant's "efforts 'to exploit a national market' that 'necessarily included Pennsylvania' are insufficient[.]'" *Shuker*, 885 F.3d at 780 (quotation omitted). "[E]lectronic

7

newsletters and other email correspondence … 'sent by a defendant [do] not trigger personal jurisdiction if they do not show purposeful availment.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454-55 (3d Cir. 2003) (quotation omitted). As in *Shuker*, Mr. Bowman's "nationally directed efforts" to encourage AAGT's members to purchase the Book do not establish that Mr. Bowman targeted Pennsylvania, even if some of those members may have been located here. *Shuker*, 885 F.3d at 780. Thus, this conduct does not give rise to specific jurisdiction.

For similar reasons, the fact that "multiple residents of Pennsylvania and this judicial district" purchased the Book on L'Exprimerie's website does not establish that Mr. Bowman targeted Pennsylvania. "[T]he mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world." *Toys "R" Us*, 318 F.3d at 454. Instead, the Center must do something to suggest that Mr. Bowman "'purposefully availed' [himself] of conducting activity in the forum state, by directly targeting [the] web site to the state, knowingly interacting with residents of the forum state via [the] web site, or through sufficient other related contacts." *Id.* It has failed to make such a showing. Even accepting the Center's allegation that Pennsylvania residents received the Book, nothing before the Court suggests that Mr. Bowman provided it to them. Instead, the Center's Complaint alleges that "Defendant L'Exprimerie … regularly solicits and accepts orders for its publications placed within this district by residents of

8

this district and fills those orders by receiving money from residents in this district in exchange for shipping its publications into this district." (ECF No. 1 at ¶ 20.)

### 2. Jurisdictional discovery

In general, "courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Toys "R" Us*, 318 F.3d at 456 (cleaned up). Thus, a plaintiff may obtain jurisdictional discovery if it "presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state[.]'" *Id.* (quotation omitted). However, the rule permitting jurisdictional discovery "generally relates to corporate defendants" and "[w]here the defendant is an individual, the presumption in favor of discovery is reduced." *Massachusetts Sch. of L. at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) (citations omitted).

The Court has accepted all of the Center's allegations as true, and those allegations do not suggest with reasonable particularity that Mr. Bowman had the necessary minimum contacts with Pennsylvania. In fact, Pennsylvania appears to have almost no connection to the alleged copyright infringement. Mr. Bowman lives and works in Indiana, he obtained an unauthorized copy of the Manuscript in California, and he worked with Mr. Robine and L'Exprimerie (both of whom are in France) to produce the Book. Mr. Bowman's marketing efforts were broad and do not appear to have targeted Pennsylvania customers. Without even a *prima facie* basis to think that the Court has personal

9

jurisdiction over Mr. Bowman, the Court will not subject Mr. Bowman "to the expense and inconvenience of jurisdictional discovery in Pennsylvania based on such a sparse record." *Stella Maris Ins. Co. v. Cath. Health East*, No. 10-cv-1946, 2010 WL 3522106, at *7 (E.D. Pa. Sept. 8, 2010).

### B. Venue

Pursuant to the Copyright Act, "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). "A defendant in a copyright action 'may be found' wherever the defendant is subject to personal jurisdiction[.]" *Skidmore v. Led Zeppelin*, 106 F. Supp. 3d 581, 584 (E.D. Pa. 2015) (citation omitted). Because Mr. Bowman is not subject to personal jurisdiction in this Court, this district is not the proper venue for the Center's claims against him, and the Court may dismiss the Complaint on that basis as well.

### IV. CONCLUSION

Mr. Bowman, an Indiana resident, did not direct any of his alleged acts of copyright infringement towards Pennsylvania. In addition, his limited contacts Pennsylvania have nothing to do with the alleged infringement at issue. As a result, this Court cannot exercise personal jurisdiction over him, and it is not the proper venue under the Copyright Act. An appropriate Order dismissing the Complaint against Mr. Bowman will follow.

**BY THE COURT:**

<u>/s/ Joshua D. Wolson</u>
JOSHUA D. WOLSON, J.

October 19, 2022