UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE CENTER FOR GESTALT DEVELOPMENT, INC., <br><br>                              Plaintiff, <br><br> v. <br><br> JEAN-MARIE ROBINE, INSTITUT FRANCAIS DE GESTALT-THERAPIE, <br><br>                              Defendants. | No. 1:23-cv-01027-RLY-TAB |

## PLAINTIFF'S STATEMENT OF POSITION

Plaintiff the Center for Gestalt Development, Inc. (the "Center"), for its statement of position under S.D. Ind. Local Rule 16-2, states as follows.

### BACKGROUND

**A.    Summary of the Claims**

This case arises from the same facts as a related action before this Court, *Center for Gestalt Development Inc. v. Bowman*, No. 1:22-cv-02185-RLY-TAB.  In essence: The Center, a nonprofit publisher specializing in works on Gestalt therapy, holds exclusive English-language publication rights—and, via recorded copyright assignments, the registered U.S. copyright—to a manuscript by the psychiatrist Frederick Perls entitled *Psychopathology of Awareness* (the "Manuscript").  [ECF 1-1 (Manuscript); ECF 1-3 (contract & assignments).] [1]

---

[1] The parties agree that the Manuscript contains two works: (1) five chapters of a draft book and (2) an additional work consisting of a six-page fragment.  ECF 1 ¶ 6 (Compl.); ECF 50 ¶ 6 (Answer).

Defendant Jean-Marie Robine is the founder of Defendant Institut Francais de Gestalt-Therapie (the "Institute"), a French association operating from Robine's home near Bordeaux. [ECF 1-2, p. 8 (About the Editors); ECF 34-2 (Google Maps).] The Institute is primarily engaged in selling training and certifications services to professional therapists, but it also operates a publishing business, *l'Exprimerie*, of which Robine is Chief Editor. [ECF 24-2 ¶ 7 (Robine Decl. 11/17/22).]

In or about 2017, Charles Bowman sent Robine a copy of the Manuscript. [ECF 50 ¶ 41 (Answer); ECF 45 ¶ 6 (order denying mot. to dismiss).] Bowman and Robine prepared a derivative work entitled *Psychopathology of Awareness: An Unfinished and Unpublished Manuscript* (the "Book") [ECF 1-2], which contains a full copy of the Manuscript. [ECF 50 ¶¶ 44-46.] While preparing the Book, Defendants, who knew the Center owned the rights, asked the Center for permission to use the Manuscript. They did not receive it. The Center demanded they cease and desist. [ECF 50 ¶¶ 55-56.] Defendants published the Book anyway, selling it into the United States through the Institute's website. [ECF 24-2 ¶ 19.]

The Center alleges that Defendants and Bowman willfully violated the Copyright Act by [1] copying, [2] preparing a derivative work based upon, and [3] distributing copies of the Manuscript under Sections 106(1)-(3); and [4] by infringing importation and exportation of the Manuscript under Sections 602(a)(1) & (2). The Center asserts claims for direct, contributory, and vicarious infringement and seeks statutory damages, an award of its reasonable attorney's fees and costs, and appropriate injunctive relief.

**B.     Procedural History**

On May 25, 2022, the Center filed this action in the Eastern District of Pennsylvania against Bowman, Robine, and the Institute, alleging willful copyright infringement.

Bowman was served on June 17, 2022.  After initially refusing to appear and respond (and, instead, filing a separate state-court action against the Center and its counsel in Indiana, alleging "extortion"), Bowman successfully moved to dismiss the claims against him without prejudice for lack of personal jurisdiction in Pennsylvania [ECF 9 (motion); ECF 22 (10/19/22 order)], prompting the Center to refile its claims against Bowman in this Court at *Center for Gestalt Development, Inc. v. Charles Bowman*, No. 1:22-cv-02185-RLY-TAB (hereinafter "*Bowman*").  This Court previously summarized the full procedural background of the claims against Bowman in its opinion in that case denying Bowman's motion for attorneys' fees. [*Bowman* at ECF 27 (1/5/23 Opinion), pp. 2-4.]

Robine and the Institute, who had also been served in a prior action filed by the Center but later withdrawn, were served in this action under Hague Convention Article 10 on July 26, 2022.  [ECF 11 & 12 (Affs. of Service).][2]  Neither defendant timely appeared or responded.  On September 1, 2022, the Center emailed the Institute seeking information of counsel.  Robine responded on behalf of both parties, stating that he was in the process of convening the Institute's board and consulting with Defendants' counsel, and that Defendants intended to appear and respond in a few weeks.  Robine copied counsel for at the firm Plasseraud IP.  [ECF 26-2 (Powell Decl. 11/22/22) at ¶¶ 9(a)-(b) & Exs. 1-2 (emails with Robine).]   The Center corresponded and conferred with Plasseraud, which confirmed it was counsel for both Robine and the Institute and

---

[2]  Service on Robine was perfected by French Bailiff J.M. Dulaurens, who personally served Robine at his home 305 Route du Chemin de Court after Robine confirmed his identity to the Bailiff.  [ECF 12 (Cordiez Aff.); 34-2 at Ex. 18 (Dulaurens certification).]  The Bailiff perfected service on the Institute by personally serving Robine at the Institute's registered address located on Robine's property, 305 Route du Chemin de Court, after Robine confirmed his title at the Institute and declared that the location was in fact a registered office of the Institute, that Robine was authorized to receive service, and that Robine accepted service.  [ECF 11 (Cordiez Aff.); 34-2 at Ex. 20 (Dulaurens certification).]

3

explained that they were in the process of engaging U.S. counsel to defend the case. [ECF 26-2 at ¶ 9(c)-(f) & Ex. 3 (emails with Plasseraud).]

On October 24, 2022, Plasseraud abruptly informed the Center that Robine and the Institute "instructed us to cancel today's call." After agreeing to speak the next day instead, the firm advised it would now "be acting *only for Mr. Robine*." [ECF 26-2 at ¶¶ 9(g)-(h) & Ex. 3 (emails).] The confirmed this the next day, but otherwise declined to explain. [*Id.*] The Center informed Plasseraud that, it planned to refile its claims against Bowman in this Court and then move transfer this action here, requesting Robine's consent. [*Id.*]

On October 28, 2022, the Pennsylvania Court directed the Center to move for entry of default against Robine and the Institute if they did not appear and respond to the Complaint by November 18, 2022. [ECF 23.] On November 8, 2022, Robine, apparently on behalf of himself and the Institute, advised the Center that he was selecting "our American attorney." Robine later identified new counsel at Parker Hudson, and wrote: "We'll object to having the case transferred." [ECF 26-2 at ¶¶ 9(i)-(j) & Ex. 4 (emails).] On November 16, 2022, new counsel advised the Center that it represented *only Mr. Robine*, and that he would move to dismiss and oppose a motion to transfer. [ECF 26-2 at ¶ 10.]

On November 18, 2022, Robine — but not the Institute — appeared and moved to dismiss for lack of personal jurisdiction. [ECF 24.] The court struck Robine's motion for failure to comply with pre-motion procedures but granted time to cure. [ECF 25.] On November 22, 2022, the Center, pursuant to the court's earlier instruction, requested entry of default against the Institute, which was entered. [ECF 26 (motion) & 12/28/22 entry.] On November 29, 2022, Robine's counsel conveyed that "Mr. Robine understands that the Institut would agree to cease

4

from any further publication, distribution, or sale of the book . . . in exchange for a dismissal of this suit against both the Institute and Mr. Robine." [ECF 34-6, p. 2.]

On December 23, 2022, Robine again moved to dismiss, arguing that he is not subject to personal jurisdiction anywhere in the United States. [ECF 32.][3] The Center argued that Robine is subject to jurisdiction everywhere in the United States under Rule 4(k)(2). [ECF 34.] The case was reassigned to Judge John F. Murphy [ECF 35], who, on April 12, 2023, denied Robine's motion, holding that, on the Center's claims, Robine is subject to personal jurisdiction in any judicial district in the United States under Rule 4(k)(2). [ECF 45.]

Robine answered on May 8, 2023 [ECF 50] and the parties submitted a Rule 26(f) report on May 17, 2023. [ECF 51.] On May 19, 2023, Robine moved to transfer the case to this Court [ECF 55], which the Center did not oppose [ECF 58]. On May 22, Judge Murphy held an initial pretrial conference, but, in anticipation of transfer, did not issue a full case schedule. [ECF 55.]

The parties have completed the following discovery to date: Both parties have served initial disclosures. Each has served a first set of discovery requests and written responses to the other's first requests. To date, Robine has made two productions totaling 491 pages;[4] the Center has made an initial production of approximately 1,542 pages. Neither party has yet taken third-party discovery or conducted depositions.

---

[3] Robine argued, among other things, that he lacks minimum contacts because all of his alleged conduct "was performed by Robine in his corporate—not personal—capacity, *acting on the Institut's behalf*." [*Id.* at 10 (emphasis in original).]

[4] Some of Robine's documents appear to come from the Institute, *e.g.*, a heavily redacted bank statement allegedly showing a royalty payment [ROBINE_000124], a canceled check for that payment [ROBINE_000123], and tax records certifying that the Institute withheld taxes from royalties allegedly paid for use of the Manuscript [ROBINE_000120-22]. And yet, in response to requests for documents or information concerning the Institute's involvement in the Book or its revenues or costs therefrom, Robine frequently objects that this information "is not in his possession or control." [*E.g.*, Resp. to Interrog. Nos. 2, 7, 9.]

## THE CENTER'S POSITION

The Center respectfully proposes the following next steps:

- The Center agrees that this case should be consolidated with *Center for Gestalt Development Inc. v. Bowman*, No. 1:22-cv-02185-RLY-TAB.  Having now had an opportunity to review the motion to consolidate filed on July 7, 2023, the Center confirms that it does not object to the relief sought therein.

- The Center agrees that the Court should issue a new case management plan applicable to both actions.  The new CMP should extend the existing schedule in *Bowman* to afford Robine time to comply.  The Center also believes that an extension of these dates is necessary and appropriate in light of the recent departure/withdrawal of Joseph Samuel, who was significantly involved in discovery in these cases.  The Center proposes a CMP in the consolidated case that extends the current schedule in Bowman by 60 days.

- As noted above, the record here presents conflicting evidence about Robine's relationship with the Institute and whether and to what extent Robine exercises control over the Institute.[5]  The Court should seek to resolve or clarify this issue.  Among other reasons, if Robine controls the Institute, he should be required to cause it to appear and respond in this action.  The

---

[5]     On the one hand, the Institute has not appeared, and Robine has repeatedly represented that he is semi-retired (except from his work as Chief Editor and as a trainer for the Institute) and does not control the Institute or have access to information in its control.

On the other hand, there is considerable evidence of control.  Robine has: declared that he is the Institute's founder and Chief Editor; accepted service on the Institute's behalf; claimed in briefing that, at all times alleged in the Complaint, he was acting "in his corporate—not individual—capacity" on behalf of the Institute; responded on the Institute's behalf to messages sent to the Institute's general email addresses; accessed (and, it appears, selectively produced) Institute bank statements and tax records; acknowledged communicating with the Institute about this case; and retained counsel acting jointly for himself and the Institute.  The Institute, likewise: identifies Robine as its "Founder . . . in charge of international relations"[5] and one of its current trainers; apparently operates from a location at Robine's home; and maintains a legally registered office at that address; and on its website and in its publications, directs legal notices and other correspondence to that address.

Center respectfully proposes that the Court address this issue by ordering Robine to show cause within 30 days why he should not be ordered to cause the Institute to appear and respond.

                                                                                  Respectfully submitted,

Dated: July 11, 2023
                                              */s/ John J. Powell*
                                              John J. Powell
                                              MONTGOMERY MCCRACKEN
                                              WALKER & RHOADS LLP
                                              1735 Market Street
                                              Philadelphia, Pennsylvania 19103
                                              (215) 772-7298
                                              jpowell@mmwr.com

                                              *Counsel for the Center for Gestalt Development, Inc.*

## CERTIFICATE OF SERVICE

     I certify that, on July 11, 2023, I caused the foregoing document to be filed using the Court's CM/ECF system, which will serve an electronic copy on counsel of record for all parties.

                                              */s/ John J. Powell*
                                              John J. Powell